# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| WAYNE SMITH,<br><br>      Petitioner,<br><br>vs.<br><br>RUSTY ROGERSON,<br><br>      Respondent. | No. C 06-2011-MWB<br><br>**ORDER REGARDING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

_____

By order dated March 31, 2009, the court overruled petitioner Smith's May 21, 2008, Objections To Report and Recommendation (docket no. 35), accepted Chief United States Magistrate Judge Zoss's April 23, 2008, Report and Recommendation (docket no. 30), and, consequently, denied in its entirety petitioner Smith's March 30, 2006, *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (docket no. 3). In so doing, the court concluded that none of Smith's objections to Judge Zoss's Report and Recommendation withstood scrutiny. Somewhat more specifically, the court concluded that Judge Zoss properly applied Supreme Court precedent, *Alford* itself, to the question of whether Smith's *Alford* plea was proper, even if he discussed Eighth Circuit case law concerning Rule 11 of the Federal Rules of Criminal Procedure; Judge Zoss properly concluded that the Iowa District Court complied with *Alford*; and Judge Zoss properly concluded that Smith's claim of ineffective assistance of counsel, based on failure to explain the "incidental rule" applicable to kidnaping offenses under Iowa law, warranted no relief, because Smith cannot establish the "prejudice" prong of that ineffective assistance claim.

In his April 5, 2009, Motion For Certificate Of Appealability (docket no. 41), now before the court, petitioner Smith contends that, although unsuccessful, this case was a close call and that his merits brief and objections to the Report and Recommendation showed a substantial denial of his constitutional rights. Therefore, he moves the court for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2254 or § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

2

constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).[1]

Contrary to Smith's contention, the court finds that Smith has not made a substantial showing of the denial of a constitutional right on his § 2254 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Smith's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Smith's substantive claims all depended upon his contention that his guilty plea was flawed, because neither the court nor his attorneys properly advised him of the "incidental rule" applicable to kidnaping charges under Iowa law, *see, e.g., State v. Griffin*, 564 N.W.2d 370, 373 (Iowa 1997), and had he known about this rule, he would have gone to trial and would have been acquitted. This court reiterates that there is simply no reasonable probability that, but for the trial court's or Smith's attorneys' alleged errors in failing to explain the "incidental rule," Smith would not have pleaded guilty and would have insisted on going to trial, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (defining "prejudice" in the context of a guilty plea), and adds that there is no showing that reasonable jurists would find that assessment debatable or wrong. *Miller-El*, 537 U.S. at

---

[1] In contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

3

338. There is no showing that reasonable jurists would have disagreed with this court's assessment that evidence identified in the minutes of testimony overwhelming satisfied the "incidental rule," such that any reasonable person in Smith's position would have taken the same course of pleading guilty, even if he had been advised of the requirements of that rule, and consequently, Smith was not prejudiced by any purported lack of understanding of what the "incidental rule" required. Nor is there any showing that reasonable jurists would disagree with this court's assessment that Smith would have been far more likely to be prejudiced by going to trial, in light of the evidence identified in the minutes of testimony, which would likely have led to a conviction and life sentence for first-degree kidnaping, than by accepting a plea to three consecutive fifteen-year sentences for a lesser kidnaping offense and other charges. Smith simply does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

THEREFORE, petitioner Smith's April 5, 2009, Motion For Certificate Of Appealability (docket no. 41) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of April, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA